IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1587-D

| | |
|---|---|
| DESSIE MITCHESON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MISTYLOU INVESTMENTS, LLC ) | |
| d/b/a TOBIE'S GENTLEMAN'S CLUB, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

On November 7, 2023, Jennifer Walcott Archuleta, Jessica Burciaga, Paola Canas, Kimberly Cozzens, Camila Davalos, Mariana Davalos, Gemma Lee Farrell, Cielo Jean Gibson, Tiffany Gray, Vida Guerra, Hillary Hepner, Jessica Hinton, Krystal Forscutt Hipwell, Rachel Koren, Joanna Krupa, Masha Lund, Ursula Mayes, Carrie Minter, Dessie Mitcheson, Tara Leigh Patrick, Eva Pepaj, Lina Posada, Jessica Rockwell, Cora Skinner, Sara Underwood, Megan Vogt, Laurie Young, and Jennifer Zharinovan (collectively "plaintiffs") filed a complaint against Mistylou Investments, LLC and Brian Donald Wolfe (collectively "defendants") alleging: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a)(1), (2) violation of the common law right of privacy and misappropriation, (3) violation of the North Carolina Unfair and Deceptive Trade Practices Act, (4) defamation, and (5) various other common law torts, including negligence, gross negligence, and conversion. See [D.E. 1]. On November 8, 2023, plaintiffs moved to seal the complaint due to inadvertent disclosure of protected work product. See [D.E. 31] 1. As explained below, the court denies plaintiffs' motion to seal the complaint but permits plaintiffs to file a motion and proposed order to seal the alleged work product portion of the complaint.

I.

The public has "a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (internal footnote omitted). "When parties call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014) (quotations omitted). The common law and the First Amendment protect the public's right to access judicial records. See Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988). The "common law presumes a right to inspect and copy [all] judicial records and documents." Id. A party may overcome this presumption "if competing interests outweigh the interest in access." Id.; see Nixon, 435 U.S. at 598; Rushford v. The New Yorker Mag., Inc., 846 F.2d 249, 253 (4th Cir. 1988); In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986). The party seeking to overcome the presumption bears the burden of proof. See Rushford, 846 F.2d at 253; Bank of Am. Nat. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986).

The First Amendment provides a right of access to "only to particular judicial records and documents[,]" including civil complaints. Stone, 855 F.2d at 180; see Courthouse News Serv. v. Schaefer, 2 F.4th 318, 327–28 (4th Cir. 2021); Courthouse News Serv. v. Planet, 947 F.3d 581, 592 (9th Cir. 2020); In re the United States for an Ord. Pursuant to 18 U.S.C. Section 2703(D) ("In re Application"), 707 F.3d 283, 290 (4th Cir. 2013); Rushford, 846 F.2d at 253.[1] A court may restrict access under the First Amendment only if "necessitated by a compelling government interest" with

---

[1] Access to civil complaints fosters "the public's interest in monitoring the functioning of the courts" and "the integrity of the judiciary." Shaefer, 2 F.4th at 327 (quotation omitted); Pub. Citizen, 749 F.3d at 266; F.T.C. v. Syngenta Crop Protection AG, No. 1:22CV828, 2022 WL 6379625, at *2 (M.D.N.C. Sept. 28, 2023).

2

the restriction "narrowly tailored to serve that interest." In re Washington Post Co., 807 F.2d at 390; see Press–Enter. Co. v. Super. Ct. of Cal. ("Press–Enterprise II "), 478 U.S. 1, 15 (1986); Press–Enter. Co. v. Super. Ct. of Cal. ("Press–Enterprise I "), 464 U.S. 501, 510 (1984); Pub. Citizen, 749 F.3d at 266; Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004); Rushford, 846 F.2d at 253; Stone, 855 F.2d at 180. Protecting "a party's interest in confidential commercial information, such as a trade secret, where there is a sufficient threat of irreparable harm" is a recognized exception to the "presumptive openness of judicial proceedings." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1070–71 (3d Cir. 1984); see, e.g., Nixon, 435 U.S. at 598. The party seeking denial of access bears the burden of demonstrating an "overriding interest" or "higher value" to seal the complaint. Press–Enterprise I, 464 U.S. at 510; see Rushford, 846 F.2d at 253; Rittenhouse, 800 F.2d at 344.

Plaintiffs seek to seal the complaint after inadvertently disclosing alleged work product. See [D.E. 1]; [D.E. 31] 1. The three disclosed margin comments appear when accessing the complaint through CM/ECF. Plaintiffs also want to file an amended complaint as of right and to link the numerous original exhibits to the amended complaint without refiling. See [D.E. 31] at 1–2; Fed. R. Civ. P. 15.

The court analyzes plaintiffs' motion under the First Amendment. See Shaefer, 2 F.4th at 327–28. Plaintiffs fail to demonstrate an "overriding interest" or "higher value" to warrant sealing the complaint. Press–Enterprise I, 464 U.S. at 510. Although plaintiffs inadvertently disclosed minimal alleged work product in the complaint, the disclosure appears inconsequential. This fact weighs against the court overriding the traditional right of access to a civil complaint. See Rushford, 846 F.2d at 253; Press–Enterprise I, 464 U.S. at 510. Moreover, even if plaintiffs waived the work product protection, waiver is generally "limited to the information actually disclosed, not subject

matter waiver." Brasfield & Gorrie, LLC v. Hirschfield Steel Grp. LP, 2:20-CV-984, 2021 WL 5449203, at *3 (N.D. Ala. Nov. 22, 2021) (unpublished) (quotation omitted); see In re Martin Marietta Corp., 856 F.2d 619, 625–26 (4th Cir. 1988); Duplan Corp. v. Deering Milliken, Inc., 540 F.2d 1215, 1223 (4th Cir. 1976); Cont'l Cas. Co. v. Under Armour, Inc., 537 F. Supp. 2d 761, 773–74 (D. Md. 2008); 6 James Wm. Moore, et al., Moore's Federal Practice § 26.70[6][c] at 26–467 (3d ed. 2004).

When considering whether to allow a case to proceed anonymously through sealed or pseudonymous litigation, courts consider whether "the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature." James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993); see Doe v. Doe, 85 F.4th 206, 211 (4th Cir. 2023). Plaintiffs do not seek to proceed anonymously. Rather, plaintiffs seek to seal the complaint to avoid the annoyance, criticism, and consequences of counsel's inadvertent mistake. Such grounds do not provide an overriding interest to seal the entire complaint. Thus, the court denies plaintiffs' motion to seal the complaint but permits plaintiffs to file a motion and proposed order to seal the alleged work product portion of the complaint.

II.

In sum, the court DENIES plaintiffs' motion to seal the complaint [D.E. 31] but permits plaintiffs to file a motion and proposed order to seal the alleged work product portion of the complaint.

SO ORDERED. This _4_ day of December, 2023.

*signature*
JAMES C. DEVER III
United States District Judge

4