IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1587-BO-KS

DESSIE MITCHESON, *et al.*  )
  )
   Plaintiffs,  )
  )
v.      )  O R D E R
  )
MISTYLOU INVESTMENTS, LLC, d/b/a )
TOBIE'S GENTLEMAN'S CLUB and )
BRIAN DONALD WOLFE,  )
  )
   Defendant.  )

This cause comes before the Court on cross-motions for partial summary judgment. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing on the motions was held before the undersigned on January 21, 2026, at Raleigh, North Carolina. In this posture, the motions are ripe for disposition. For the reasons discussed below, both motions are granted in part and denied in part.

## BACKGROUND

Plaintiffs are twenty-eight actresses, models, and social media influencers who earn their living by promoting and licensing their likenesses and identities. Defendants are alleged to have used plaintiffs' images and likenesses in publishing more than 160 advertisements for Tobie's Gentleman's Club in Jacksonville, North Carolina. Plaintiffs allege that defendants misappropriated and altered plaintiffs' images to make it appear as though plaintiffs either endorsed or worked at Tobie's Gentleman's Club, and posted those images to defendants' website and social media accounts to promote their business. Defendants' use of plaintiffs' images in their

advertising was without permission and defendants have not compensated any plaintiff for use of her image in promoting their business.

Plaintiffs allege claims against defendants for violation Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), for false advertising (Count One); violation Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), for false association (Count Two); common law right of privacy – misappropriation (Count Three); violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 (Count Four); defamation (Count Five); negligence, gross negligence, and respondeat superior (Count Six); conversion (Count Seven); unjust enrichment (Count Eight); and quantum meruit (Count Nine).

The following facts appear undisputed. Plaintiffs are professional models, actresses, and/or businesswomen, each of whom earn their living by promoting their likeness, image, or identities to their clients, media and entertainment outlets, and commercial brands. [DE 63]; [DE 67][1] ¶ 1. Plaintiffs rely on their professional reputations and accordingly attempt to control the uses and disseminations of their images. *Id.* ¶¶ 2,3. Plaintiffs' images may be utilized with plaintiffs' express authority and subject to certain terms and conditions. *Id.* ¶ 4. Defendants at no time sought or obtained permission to use any of plaintiffs' images to advertise, promote, market, or endorse their strip club business. *Id.* ¶ 5. Plaintiffs did not, themselves or through counsel, send defendants a cease and desist letter requesting that their images be removed from defendants' advertising or social media posts. [DE 67] ¶ 5; *see also* [DE 69] ¶ 2. None of the plaintiffs have ever worked for defendants or agreed to associate with or endorse defendants or their business. [DE 63] ¶ 6. None

---

[1] In defendants' response to plaintiffs' statement of material fact, defendants do not admit or deny plaintiffs' statements, but rather proffer their own counter-statement of facts. To the extent defendants' responses do not directly contradict plaintiffs' statements of fact, the Court deems the statement of fact admitted. *See* Local Civil Rule 56.1(a)(2).

of the plaintiffs have ever been paid by defendants or have been offered payment for the use of their images. *Id.* ¶ 7.

Plaintiff Jessica Burciaga's claims arise from one of defendants' advertisements posted on March 5, 2013. [DE 69] ¶ 10. Plaintiff Burciaga typically charges between $500 and $5,000 for making a social media post. *Id.* ¶ 16. Plaintiff Paola Canas's claims arise from one of defendants' advertisements posted on July 29, 2013. *Id.* ¶ 20. The most that Canas has made from promotion work on social media is $10,000. *Id.* ¶ 23. Plaintiff Kimberly Cozzens's claims arise from two of defendants' advertisements posted on October 4, 2013, and December 31, 2018. *Id.* ¶ 26. The photos in these advertisements were taken between 2012 and 2014 for costume companies. *Id.* ¶ 27. Plaintiff Cielo Jean Gibson's claims arise from one of defendants' advertisements made on February 9, 2014. *Id.* ¶ 29. Gibson is typically offered $400 to $500 to make a social media post and she was paid approximately $2,000 for the image used in defendants' post. *Id.* ¶¶ 30, 32. Plaintiff Jessica Hinton's claims arise from two of defendants' advertisements posted on March 29, 2018. *Id.* ¶ 33. Hinton has been paid up to $10,000 for making a social media post. *Id.* ¶ 34. Plaintiff Rachel Koren's claims arise from two of defendants' advertisements posted on December 15, 2013, and December 24, 2015. *Id.* ¶ 35. Plaintiff Dessie Mitcheson's claims arise from two advertisements posted by defendants on July 20, 2015, and two advertisements posted on July 16, 2017. *Id.* ¶ 38. Plaintiff Eva Pepaj's claims arise from advertisements posted by defendants on July 23, 2012, November 22, 2012, February 29, 2016, and in March 2020. *Id.* ¶ 39. Plaintiff Lina Posada's claims arise from defendants' advertisements posted on December 15, 2013, December 30, 2013, December 20, 2015, and December 24, 2015. *Id.* ¶ 41. Plaintiff Laurie Young Romeo's claims arise from defendants' advertisement posted on March 17, 2016. *Id.* ¶ 42. Plaintiff Cora Skinner's claims arise from one of defendants' advertisements posted on February 25, 2014. *Id.* ¶

3

43. Plaintiff Jennifer Walcott Archuleta's claims arise from one of defendants' advertisements posted on July 4, 2013. *Id.* ¶ 45. Plaintiff Megan Daniels's claims arise from one of defendants' advertisements posted on August 6, 2016. *Id.* ¶ 46. Plaintiff Camila Davalos's claims arise from one of defendants' advertisements posted on April 9, 2013. *Id.* ¶ 47. Plaintiff Mariana Davalos's claims arise from one of defendants' advertisements posted on April 9, 2013. *Id.* ¶ 48. Plaintiff Gemma Lee Farrell's claims arise from one of defendants' advertisements posted on March 3, 2014. *Id.* ¶ 49. Plaintiff Vida Guerra's claims arise from one of defendants' advertisements posted on September 3, 2013. *Id.* ¶ 50. Plaintiff Hillary Hepner's claims arise from one of defendants' advertisements posted on July 29, 2016. *Id.* ¶ 51. Plaintiff Krystal Forscutt Hipwell's claims arise from one of defendants' advertisements posted on August 11, 2017. *Id.* ¶ 52. Plaintiff Joanna Krupa's claims arise from two of defendants' advertisements posted on April 21, 2013, and September 25, 2013. *Id.* ¶ 53. Plaintiff Masha Lund's claims arise from two of defendants' advertisements posted on September 17, 2015, and September 29, 2021. *Id.* ¶ 54. Plaintiff Ursula Mayes's claims arise from one of defendants' advertisements posted on December 25, 2012. *Id.* ¶ 55. Plaintiff Carrie Minter's claims arise from one of defendants' advertisements posted on August 26, 2013. *Id.* ¶ 56. Plaintiff Tara Leigh Patrick a/k/a Carmen Electra's claims arise from two of defendants' advertisements posted on April 12, 2013, and August 27, 2015. *Id.* ¶ 57. Plaintiff Tiffany Toth Gray's claims arise from defendants' advertisements posted on September 12, 2013, January 11, 2014, September 3, 2015, September 9, 2015, September 19, 2016, March 29, 2018, and multiple posts in September 2019, October 2019, and October 2021. *Id.* ¶ 58. Plaintiff Sara Underwood's claims arise from one of defendants' advertisements posted on June 10, 2016. *Id.* ¶ 59.[2]

---

[2] Defendants' statement of material facts fails to include plaintiffs Rockwell and Zharinova.

Defendants now seek entry of partial summary judgment in their favor based on the applicable statute of limitations. Defendants seek dismissal of each plaintiffs' defamation claims and dismissal of the remaining claims of all plaintiffs except those of plaintiffs Tiffany Toth Gray, Masha Lund, Jessica Rockwell, and Jennifer Zharinova. Defendants also argue that plaintiffs Gray and Lund should be permitted to proceed only as to claims based on three social media posts which are alleged to have been made within the three-year limitations period. [DE 61] at 2. Plaintiffs have agreed to withdrawal of their defamation claims in their opposition to defendants' motion. [DE 68] at 10.

Plaintiffs seek entry of summary judgment on Counts One, Two, Three – their Lanham Act and common law misappropriation claims. Defendants have failed to respond to plaintiffs' request for entry of summary judgment in their favor on their common law misappropriation claim. *See* [DE 66].

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" supporting the nonmoving party's position is not sufficient to defeat a motion for summary

5

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

When deciding cross-motions for summary judgment, a court considers each motion separately and resolves all factual disputes and competing inferences in the light most favorable to the opposing party. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). The court must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

A. *Defendants' motion for partial summary judgment*

The Court considers first defendants' motion for summary judgment, which argues that the statute of limitations bars all but a few of plaintiffs' claims. As noted above, plaintiffs concede the issue as to and withdraw their defamation claims. Accordingly, the Court considers defendants' motion as applied to plaintiffs' Lanham Act and remaining state law claims.

Section 43 of the Lanham Act contains no statute of limitations, and courts consider timeliness issues raised by defendants as a laches defense. *Belmora LLC v. Bayer Consumer Care AG*, 987 F.3d 284, 293 (4th Cir. 2021). While laches is an "equitable defense that is distinct from the statute of limitations[,]" a court may determine that the most analogous state law statue of limitations creates a presumption of laches for claims filed beyond the limitations period. *Id.* at 294 (internal quotations and citation omitted). But even where the presumptive limitations period

6

would bar a plaintiff's claim, a court must still consider whether the plaintiff can overcome the presumption by considering whether the plaintiff knew of the defendant's adverse use of the mark, whether the plaintiff's delay was unreasonable or inexcusable, and whether the defendant has suffered undue prejudice by the plaintiff's delay. *Id.* at 295.

Defendants argue that the limitations period applicable to plaintiffs' Lanham Act claim is three years. "A number of courts have concluded that claims under section 43(a) of the Lanham Act are most analogous to fraud claims." *Unlimited Screw Prods., Inc. v. Malm*, 781 F. Supp. 1121, 1125 (E.D. Va. 1991). Under North Carolina law, fraud claims are governed by a three-year statute of limitations, which commences from "the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52(9); *see also Mountaineer Motors of Lenoir, LLC v. Carvana, LLC*, No. 522CV00171KDBDCK, 2023 WL 6931787, at *10 (W.D.N.C. Oct. 19, 2023) (applying three-year fraud statute of limitations to laches defense against Lanham Act false advertising claim).

True, many of defendants' advertisements using plaintiffs' likenesses and images were posted far more than three years prior to the filing of plaintiffs' complaint. But defendants identify no evidence in the record which would demonstrate that there is no genuine dispute of material fact as to when plaintiffs should have discovered the facts constituting the alleged false advertising and false association, that plaintiffs knew of defendants' actions and failed to respond, or that any delay by plaintiffs was unreasonable or inexcusable. Defendants' motion for summary judgment on their affirmative defense of laches as to the Lanham Act claims is denied.

As to whether the statute of limitations applies to bar plaintiffs' remaining state law claims, the Court again determines that defendants are not entitled to summary judgment. The statute of limitations for plaintiffs' remaining state law claims is either three or four years. *See* N.C. Gen.

7

Stat. § 1-52; N.C. Gen. Stat. § 75-16.2. "The statute of limitations begins to run once a cause of action accrues, with a cause of action having accrued whenever a party becomes liable to an action[.]" *Quality Built Homes Inc. v. Town of Carthage*, 371 N.C. 60, 69 (2018) (cleaned up, citations omitted). Plaintiffs argue that the discovery rule applies to their claims, citing N.C. Gen. Stat. § 1-52(16), which the North Carolina Supreme Court has construed to broadly apply. *See Alexander v. City of Greensboro*, No. 1:09-CV-293, 2011 WL 3360644, at *13 n.21 (M.D.N.C. Aug. 3, 2011); *see also Misenheimer v. Burris*, 360 N.C. 620, 624-25 (2006). Where applicable, the discovery rule causes the statute of limitations to "begin[] to run when the tort is discovered or should have been discovered, not upon completion of the last act constituting the offense." *Misenheimer*, 360 N.C. at 624–25. At a minimum, the Court agrees with plaintiffs that their declarations create a question of fact as to when they first became or should have become aware of the publication of their images by defendants. Additionally, though they made only a passing argument in their reply, defendants have not persuaded the Court that the single publication rule would apply to any of plaintiffs' state law claims outside the context of defamation. *See Lokhova v. Halper*, 995 F.3d 134, 142 (4th Cir. 2021) (discussing single publication rule and Virginia defamation claim). The Court agrees with defendants, however, that the continuing violation doctrine is not applicable to plaintiffs' state law claims. *See Quality Built Homes*, 371 N.C. at 70.

Defendants' motion for partial summary judgment is therefore granted as to plaintiffs' defamation claims and denied as to plaintiffs' remaining claims.

B. *Plaintiffs' motion for partial summary judgment*

Plaintiffs seek summary judgment in their favor on Counts One, Two, and Three of their complaint. As they argue, defendants failed to respond to plaintiffs' substantive arguments regarding Count Three, plaintiffs' claim for misappropriation of their likeness. A claim for

8

misappropriation of name or likeness under North Carolina law requires a plaintiff to establish "(1) an unauthorized use of plaintiff's name or likeness by defendant (2) in connection with an advertisement or other commercial enterprise." *RE Carroll Mgmt. Co. v. Dun & Bradstreet, Inc.*, 706 F. Supp. 3d 535, 542 (M.D.N.C. 2023) (internal quotation and citation omitted). By failing to respond to plaintiffs' motion on this claim, defendants waive any arguments in response. *See Kairgadam v. Bell Atl. Corp.*, 46 F. App'x 194, 195 (4th Cir. 2002); *Jimoh v. Charlotte-Mecklenburg Hous. P'ship, Inc.*, No. 3:08-CV-495-RJC-DCK, 2010 WL 1924480, at *3 (W.D.N.C. May 12, 2010). Moreover, as discussed below, the Court has considered the record and determines that some plaintiffs are entitled to judgment as a matter of law on this claim. *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

In their opposition statement of material facts, defendants do not dispute that they used plaintiffs' images in their advertising without permission. *See, generally,* [DE 67]. Defendants contend that the "clumsy" use of photo editing software should have alerted consumers that plaintiffs are not, in fact, associated with defendants, *see, e.g., id.* ¶¶ 10; 13; 19, but they do not dispute that they used plaintiffs' images without authorization in connection with their advertisements. However, because defendants' statute of limitations defense remains for resolution as to all but four of the plaintiffs, plaintiffs' motion is granted on this claim only as to the misappropriation of likeness claims of Tiffany Toth Gray, Masha Lund, Jessica Rockwell, and Jennifer Zharinova, against whom defendants are not proceeding with their statute of limitations defense. *See* [DE 61] at 4.

Defendants have demonstrated that material issues of fact preclude entry of summary judgment in plaintiffs' favor on plaintiffs' Lanham Act claims. Plaintiffs' motion for partial summary judgment on Counts One and Two is therefore denied.

9

## CONCLUSION

Accordingly, for the foregoing reasons, defendants' motion for partial summary judgment [DE 60] is GRANTED IN PART and DENIED IN PART. In light of plaintiffs' withdrawal of their defamation claims, defendants' motion for summary judgment on plaintiffs' defamation claims is GRANTED. Defendants' motion for partial summary judgment is otherwise DENIED. Plaintiffs' motion for partial summary judgment [DE 62] is GRANTED IN PART and DENIED IN PART. Plaintiffs Tiffany Toth Gray, Masha Lund, Jessica Rockwell, and Jennifer Zharinova are entitled to summary judgment in their favor on Count Three, insofar as defendants have not raised their statute of limitations defense. Plaintiffs' motion for partial summary judgment is otherwise DENIED.

The Clerk is DIRECTED to refer this matter to Magistrate Judge Robert Jones for pretrial conference. The Court anticipates setting a trial during its August 2026 term.

SO ORDERED, this 2 2 day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

10