# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No.: 7:23-cv-01587-BO-KS

| | | |
|---|---|---|
| DESSIE MITCHESON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MISTYLOU INVESTMENTS, LLC, et al.,<br><br>Defendants. | ) | **[PROPOSED] FINAL CONSENT JUDGMENT** |

**COME NOW**, plaintiffs JENNIFER ZHARINOVA, JESSICA ROCKWELL, TIFFANY TOTH, EVA PEPAJ, and MASHA LUND (collectively, "Plaintiffs"), and defendant MISTYLOU INVESTMENTS, LLC ("Defendant"), by and through their respective undersigned counsel, and hereby respectfully petition the Court for entry of this Final Consent Judgment and would show unto the Court as follows:

1. This is an action brought pursuant to, *inter alia*, 15 U.S.C. § 1125(a) relating to advertisements published by Defendant depicting images of Plaintiffs. These advertisements were published using multiple social media venues, including but not limited to Defendant's Facebook and Instagram accounts.

2. Plaintiffs alleged in the Complaint their images appeared in Defendant's advertisements without consent or remuneration, and that the advertisements depicted Plaintiffs in a manner that implied they were promoting the Defendant's club, worked there, or were otherwise associated, affiliated, or connected with same.

3. At the time of Defendant's alleged violations of 15 U.S.C. § 1125 pertaining to each Plaintiff set forth above, Defendant was insured Covington Specialty Insurance Company

("Covington"), which insured Defendant between July 15, 2019 and July 15, 2024 (the "Covington Policy Period") under various insurance policies.

4. Defendant tendered a request for defense and indemnification to Covington and Covington denied Defendant's request for a defense of this action and denied Defendant's request for indemnification.

5. Plaintiffs and Defendant have therefore entered into a settlement agreement pursuant to which their Answer notwithstanding, Defendant consents to entry of the following judgment for the purpose of compromising disputed claims: a judgment in the amount of THREE HUNDRED AND FORTY THOUSAND DOLLARS ($340,000) (hereinafter, the "Stipulated Judgment") to be entered against Defendant.

6. The amount of the Stipulated Judgment is reasonable in light of what a jury might reasonably award in compensation attributable to Defendant's alleged conduct coupled with the amount of attorneys' fees and costs a Court may reasonably award pursuant to 15 U.S.C. § 1117 in the event Plaintiffs prevail at trial.

7. Further, as part of the parties' settlement, Defendant has agreed that once the Stipulated Judgment is entered herein, it will assign to Plaintiffs all of its rights, claims, and causes of action against Covington and its agents, brokers, employees, officers and all other persons or entities to or arising out of (i) any applicable insurance policy or policies; (ii) the claims made by Plaintiffs against Defendant herein relating to advertisements Defendant published within the Covington Policy Period; and, (iii) any other assignment entered into by and between Plaintiffs and Defendant (the "Assigned Claims).

8. In consideration for these assignments, and effective after such assignments have been delivered to Plaintiffs, Plaintiffs agree to not take any action of any kind to assign,

document, record, registered as a lien, or collect against Defendant (or any of Defendant's officers, directors, shareholders, contractors, guardians, successors, assigns, heirs, executors, administrators, trustees, attorneys, and accountants, past and present parents, subsidiaries or predecessor entities, employees, officers, directors, their successors and assigns), the Stipulated Judgment; save and except for Defendant's assets consisting of any and all right, title and interest in the Covington policies, together with all of their respective rights, claims, and causes of action in the Assigned Claims (the "Insurance Covenant").

9. Plaintiffs will thereafter dismiss all claims they have asserted in this suit, with prejudice, as pertains to advertisements published within the Covington Policy Period.

10. The Parties settlement is reasonable.

11. The Stipulated Judgment will be the complete and final judgment addressing all claims Plaintiffs have asserted in this lawsuit against Defendant relating to advertisements published within the Covington Policy Period.

12. This Judgment and the agreements and documents referred to herein contain the entire agreement and understanding among the Parties with respect to advertisements published within the Covington Policy Period and supersede all prior agreements and understandings, whether written or oral. The Parties are not relying, nor shall in any way rely, upon any oral or written agreements, representations, warranties, statements, promises, or understandings not specifically set forth in this Agreement, and waive any right to assert or claim that they were induced to enter into this Agreement by any representation, promise, statement or warranty which is not expressly set forth in this agreement.

13. Nothing in this Judgment shall be construed as giving any person, firm, corporation or other entity, including Covington, other than the parties and their respective

successors and permitted assigns, any right, defense, remedy or claim under or in respect to this Agreement or any provision hereof.

14. For all purposes of this Agreement, time is of the essence.

15. The Parties acknowledge and agree that all parties and their counsel participated in negotiating and drafting this Agreement, no rule of construction shall apply to this Agreement which construes any language, whether ambiguous, unclear otherwise, in favor of, or against, any party by reason of the party's role in drafting this Agreement.

16. The motion for entry of judgment is well taken and should be GRANTED.

**IT IS THEREFORE ORDERED THAT**:

A. Judgment is entered in this action in favor of Plaintiffs JENNIFER ZHARINOVA, JESSICA ROCKWELL, TIFFANY TOTH, EVA PEPAJ, and MASHA LUND (collectively, "Plaintiffs"), and defendant MISTYLOU INVESTMENTS, LLC ("Defendant"), for all claims set forth in the Complaint relating to advertisements published in the Covington Policy Period in the amount of THREE HUNDRED AND FORTY THOUSAND DOLLARS ($340,000), plus pre-judgment interest from the date of the Complaint and post-judgment interest beginning on the date this judgment is entered until final payment.

B. Plaintiffs shall not assign or, upon the Insurance Covenant becoming effective, execute, or otherwise attempt in any manner to collect on the Stipulated Judgment except as to ONLY Defendant's assets consisting of any and all right, title and interest in the Covington policies together with all of their respective rights, claims, and causes of action in the Assigned Claims.

C. Upon the assignment of the Assigned Claims to Plaintiffs by Defendant, the

Insurance Covenant shall become effective.

________________________________________

**U.S.D.J.**